**SO ORDERED.**
**SIGNED this 25th day of May, 2017**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:                                                                                  CASE NO. 16-13338 SDR
ROBERT E PARKER IV
AMY  J PARKER
    Debtor(s)                                                                     CHAPTER 13

### ORDER GRANTING MOTION TO MODIFY
### AND CONFIRMING MODIFIED PLAN

The debtor has filed a motion to modify the confirmed chapter 13 plan. It appearing that all affected creditors have been served with copies of the motion, the proposed modified plan, and the required Notice; that no objections have been filed or any objections have been overruled or withdrawn; and that the modified plan meets the requirements of the Bankruptcy Code;
IT IS ORDERED THAT:

1. The motion of the debtor to modify is granted;
2. If the plan provides for surrender of property in which a creditor has an interest, whether as a lienholder or as a lessor, the automatic stay under 11 U.S.C. § 362 (a) is terminated upon entry of this order to allow the creditor to foreclose upon, repossess, or otherwise proceed *in rem* against that property;
3. The proposed modified plan, a copy of which is attached, is hereby confirmed and is the plan of the debtor;
4. Upon request by the trustee pursuant to 11 U.S.C. § 521(f)(1), the debtor(s) shall file with the court, at the same time filed with the taxing authority, a copy of each federal income tax return required under applicable law (or, at the election of the debtor(s), a transcript of such tax return) with respect to each tax year of the debtor(s) ending while the case is pending under chapter 13.  Alternatively, the debtor(s) may submit the aforesaid documents directly to the trustee instead of filing them with the court.

###

APPROVED FOR ENTRY BY:
/s/ Kara L. West
Kara L. West
Chapter 13 Standing Trustee
P.O. Box 511
Chattanooga, TN  37401
(423) 265-2261

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE

IN RE: ) CHAPTER 13
Robert Parker ) CASE NO. 1:16-bk-13338
Amy Parker )

## MODIFIED
## CHAPTER 13 PLAN
### Post Confirmation

1. **PAYMENT AND TERM**      $881.00
   a. The debtor will pay the Chapter 13 Trustee ~~$756.00~~ monthly Via income Deduction order:

   1. $_____ Husband's pay check.
   2. $ $881.00 ~~756.00~~ Wifes pay check
   3. $ 0 Direct from Debtor.

   Plus: Xx Plus tax refunds (~~_____~~)

   ☐ Other: _____

2. **Priority Claims (including administrative expenses).**

   a. All administrative expenses under 11 U.S.C. § 503 (b) & 1326 will be paid in full, including fees to the Debtor's attorney in the amount of ~~$3000.00~~ less $ 0 previously paid by the debtor.

   b. Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. §507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim.

   c. All allowed priority claims shall accrue no interest after the filing of the date of the petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion of this plan shall be the unpaid balance without accrued interest. Interest will only begin accruing on the unpaid balance (if any) after the completion of the plan. If this claim is paid in full in the plan the debt shall be deemed satisfied in full upon completion of the plan.

   | _Creditor_ | _Amount_ | _Monthly Payment_ |
   |---|---|---|

3. **SECURED CLAIMS.**

   a) Cramdowns. The holder of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security, capped by the filed claim, in the manner specified below, the trustee may increase payments to secured creditors to ensure timely amortization. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under Paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the proposed treatment for its secured claim and its unsecured claim shall be deemed an acceptance of the terms of the plan as provided for in 11 U.S.C. 1322(a) (5).

   | Creditor | collateral | value/ claim amount | Monthly payment | Interest rate |
   |---|---|---|---|---|
   | _Sunrise Accept._ | _2006 Mustang_ | _15059.83_ | _362.00_ | _7.5%_ |
   | _Bates Furniture_ | _Furniture_ | _1995.93_ | _35.00_ | |
   | _Crutchfields_ | _Furniture_ | _1654.10_ | _75.00_ | _7.5%_ |

(b) **SURRENDER.** The debtor's shall surrender the following collateral:

| *Creditor* | *Collateral to be Surrendered* |
|---|---|
| farmers furniture | Lawn mower |
| sunrise acceptance | 2007 Ford Expedition |

(c) **LONG TERM MORTGAGES, MOBILE HOMES, BOATS, MOTOR VEHICLES AND RECREATIONAL VEHICLES AND TRAILERS, ETC.** The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full, in the amount of the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322 (b)(5),will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment change, absent any objection. The filing of the notice of mortgage payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor.. The secured creditor must advise of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1 Pursuant to 11 U.S.C. §1322(b)(3), and (10) all maintenance payments shall be deeded current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to 11U.S.C. §1322(b)(5). Pursuant to 11 U.S.C. §1322 (b)(3) any secured creditors that fails to file a claim waives any default or charges resulting from non-payment.

| *Creditor* | *Estimated Arrearage* | *Int. Rate* | *Maintenance Payment* | *Payment by:* |
|---|---|---|---|---|
| | | | | |

4. **Unsecured Claims**

(A) *Nonpriority*. Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:

_____ (1) In Full

_____ (2) _____ Percentage-minimum of 36 months

_____ (3) _____ Unsecured claims-Minimum 36 months

_xxx_ (4) Remainder to Unsecured Minimum 60 months

_____ (5) _____ Other

(b) All allowed nonpriority unsecured claims shall accrue no interest after the filing date of this petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest. Interest will only begin accruing on the unpaid balance (if any) after the completion of the plan. If the claim is paid in full in the plan the debt shall be deemed satisfied in full upon completion of the plan.

5. Executory Contracts and Unexpired Leases. Except the following which are assumed, all executory contract and unexpired leased are rejected. With claims arising from the rejection to be paid as unsecured as provided in paragraph 5(a) above:

| Other Party to Contract | Property Description | Payment made by: |
|---|---|---|

6. Special Provisions. *(Such as cosigned debts, debts paid by third party, student loans, special priority debts)*

*Rick Brown (DSO order) $ 1500.00 paid 100%.*

7 Liens to be avoided under 11 U.S.C. §506 or 522 (f). Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:
*Bates*
*Ga DPT of Labor*
*Crutchfields*

Date: 3/21/2017

JAMES M SETTERS & ASSOCIATES

*/s/ James M Setters*
James M. Setters 636145
PO Box 2583
Dalton Ga 30720

_____
Robert Parker

_____
Amy Parker